■ In the Matter of the Claim of GREGORY FOTI, Respondent, v CITY OF MIDDLETOWN, Respondent, and SPECIAL FUND FOR REOPENED CASES, Appellant. WORKERS' COMPENSATION BOARD, Respondent.—Mahoney, P. J. Appeal from a decision of the Workers' Compensation Board, filed February 21, 1986.

Claimant has worked for the City of Middletown Department of Recreation in Orange County since 1955. He suffered compensable back injuries in 1957 and 1960. Claimant was classified permanently partially disabled and was awarded compensation for lost wages to October 14, 1963. In 1964, claimant began suffering convulsive seizures. His case was reopened in 1972 and, in 1975, the Workers' Compensation Board determined that the seizures were causally related to the compensable injuries. The Special Fund for Reopened Cases was ordered to pay medical fees and travel expenses since the employer had been discharged, with the Special Fund's consent, in 1972. Forms filed by claimant's physician document that he continued to suffer from postsurgery convulsions, and claimant lost time from work in 1975 and 1976 due to these complications. At these times, claimant received full wages from his employer.

On July 2, 1979, claimant suffered a seizure which necessitated hospitalization. There is no dispute that claimant lost time due to the seizure, or that the employer paid claimant wages in lieu of compensation. In August 1979, claimant sought to reopen the case and the employer sought reimbursement from the Special Fund for wages paid to claimant from July 2, 1979 to August 27, 1979. The Special Fund took the position that the claim was time barred pursuant to Workers' Compensation Law § 123. The Board held that the statute was not applicable. This appeal by the Special Fund ensued.

Workers' Compensation Law § 123 provides, in part: "Nor shall any award of compensation * * * be made against the special fund * * * or against an employer or an insurance carrier where application therefor is made after a lapse of eighteen years from the date of the injury or death and also a lapse of eight years from the date of the last payment of compensation." Since the injury occurred more than 18 years prior to the application to reopen, the applicability of Workers' Compensation Law § 123 turns on whether the last payment of compensation occurred more than eight years prior to the application. The Board found that the wages paid to

claimant by the employer from July 2, 1979 to August 27, 1979, when claimant was disabled, constituted advance payments in lieu of compensation which amounted to advance payment of compensation. The effect was to toll the period of limitations. The Special Fund contends that such payment was mandated by the city charter of the employer such that it could not be considered advance payment of compensation.

While this is a close issue, it must be considered in light of the principle that the Workers' Compensation Law is to be liberally construed in favor of the claimant (see, *Matter of Merchant v Pinkerton's Inc.,* 50 NY2d 492, 495). The employer did not charge claimant with sick leave during the applicable period, but paid full wages. We are not convinced, as the Board was not, that such payment was mandated by the charter and cannot be considered advance payment of compensation. Further, the fact that such payment was made by the employer after it had already been discharged and replaced by the Special Fund should not. mandate a different result. The statute refers to "the date of the last payment of compensation" and does not restrict who the payor of such compensation is.

In our view, the Board properly concluded that Workers' Compensation Law § 123 is not applicable to this case.

Decision affirmed, without costs. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.